IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON


KEITH JEFFERS,

        Plaintiff,

v.                          Case No. 2:07-cv-00180

OFFICER McKINLEY,
OFFICER McCALLISTER,
SOUTH CENTRAL REGIONAL JAIL[1], and
JOHN DOE,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the defendants' Motion for Summary Judgment (docket sheet document # 38).  This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

Plaintiff filed a Complaint, pursuant to 42 U.S.C. § 1983, on March 21, 2007.[2]  Following service of process, the defendants

---

[1] The South Central Regional Jail is not a suable entity.  It appears to the court, based upon a review of the Complaint, that Plaintiff did not intend to sue the Jail; rather he listed the Jail as the place where the other defendants are employed.

[2] Plaintiff's initial complaint (# 2) and other documentation was actually drafted, executed, and filed by another inmate, Harvey Short.  At a status conference held on October 11, 2007, the undersigned informed Plaintiff that he needed to sign his own documents.  Thereafter, a second copy of the Complaint (# 17),

filed a Motion for Summary Judgment, with attached exhibits (# 38) and a Memorandum of Law in support thereof (# 39) on October 15, 2008.  In an Order entered on June 19, 2008, setting forth deadlines for discovery and dispositive motions, Plaintiff was notified, pursuant to the holding in <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), that he had a right and an obligation to respond to any dispositive motion filed by the defendants, and was advised that the failure to so respond could result in the granting of summary judgment to the defendants and the dismissal of his case.  As of January 9, 2009, Plaintiff has not responded to the defendants' Motion for Summary Judgment.  This matter is ripe for determination.

<u>**PLAINTIFF'S COMPLAINT AND REQUESTS FOR RELIEF**</u>

Plaintiff has named three correctional officers as defendants in this matter, including one "John Doe."  Plaintiff's Complaint alleges that, while he was a pre-trial detainee being housed in the administrative segregation unit at the South Central Regional Jail, the defendants permitted another inmate, who was known to be violent, to attack him and, in fact, prompted the attack by releasing the other inmate from his cell at the same time as Plaintiff.  Plaintiff further alleges that the defendants were deliberately indifferent to his needs for safety and protection, in

which was executed by Plaintiff, was filed on November 26, 2007. It is this copy of the Complaint upon which the court will rely; however, the filing date of the Complaint is deemed to be March 21, 2007, when the Complaint was originally filed.

violation of his Eighth Amendment rights.

Specifically, Plaintiff states:

10) On March 14, 2007 and prior thereto Officer McKinley and the other John Doe Officer desired and conspired to get the plaintiff seriously injured or kill[ed] by Jermaine Gwynn due to their hate and dislike for the plaintiff;

11) On A-4-Pod only one cell is allowed to be open at a given time because enemies, inmates on protective custody, and psychotic inmates are all housed on the same pod.  This is jail policy and procedure;

12) On March 14, 2007, Officer McCallister stood in front of the plaintiff's cell door and signaled Officer McKinley who was working in A-4-tower to open the plaintiff's door.

13) Officer McKinley opened the plaintiff's door and the plaintiff came out and was in front of the shower about to get into the shower on the top tier;

14) Then, Officer McKinley opened Jermaine Gwynn's cell and Jermaine Gwynn came out of his cell and immediately grabbed a weapon to attack the plaintiff;

15) Officer McCallister who was scared for his own life ran into the plaintiff's cell for his own protection and disregarded the plaintiff's life and personal safety;

16) The plaintiff sought to leave off of A-4 Pod to enter the hallway to signal or locate an officer and Jermaine Gwynn then physically, maliciously and intentionally beat and battered the plaintiff;

(# 17 at 6-7).

Plaintiff claims that he suffered injuries to his head, face, neck and back, blurred vision, and mental distress, fright, shock and loss of enjoyment of life.  Plaintiff seeks $700,000 in compensatory damages and $1,000,000 in punitive damages from the defendants in their individual capacities.

3

## STANDARD OF REVIEW

In evaluating summary judgment motions, Rule 56 of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). Material facts are those necessary to establish the elements of a party's cause of action. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. <u>Id.</u> The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. <u>Overstreet v. Kentucky Cent. Life Ins. Co.</u>, 950 F.2d 931, 937 (4th Cir. 1991).

If the moving party meets this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); <u>Id.</u> at 322-23.

> [The] adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

A court must neither resolve disputed facts nor weigh the evidence, <u>Russell v. Microdyne Corp.</u>, 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. <u>Sosebee v. Murphy</u>, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

## STATEMENT OF UNDISPUTED FACTS

Despite being advised of his obligation to respond, Plaintiff did not file a response to the defendants' Motion for Summary Judgment. Accordingly, the facts as submitted by the defendants are undisputed. The following discussion of the facts is taken from the defendants' Memorandum of Law in support of their Motion for Summary Judgment:

On March 14, 2007, Inmate Keith Jeffers # 170805 was housed in Section A-4 of the South Central Regional Jail. At that time, A-4 was used as a lock-down section where inmates are only permitted out of their cells one at a time.   At approximately 2:12 AM, Defendant Officer McCallister went to the top tier, cell 7 to let inmate Jeffers out for his hygiene period.  (Exhibit 3 of Motion for Summary Judgment.)   The inmate and officer were walking along the top tier towards the up-stairs shower when the tower officer, Defendant Jordan McKinley, noticed that a lower tier cell door was showing a "red light."  This indicated that the door was not secured. Officer McKinley attempted to "cycle" the door in an effort to correct the insecure light. [FN 1] (Exhibit 4 of Motion for Summary Judgment.)

[FN 1 - Cycling the door involves pressing the door lock button twice in rapid succession causing the lock to open, then reseat itself in the hasp.]

Inmate Gwynn # 1230529 realized what was happening and seized the opportunity to force the door open and charge into the ground level of the day room.  (Exhibits 3, 4 and 5 of Motion for Summary Judgment.)   Officer McCallister, seeing the situation develop, ordered inmate Jeffers to step back into his cell.  Jeffers, at first, stepped back towards his room.  Officer McCallister then ordered Inmate Gwynn to return to his cell.  Gwynn responded by saying, "Fuck you.  I'm ready to fight." (Exhibit 3 of the Motion for Summary Judgment.)

Inmate Gwynn then grabbed a broom and started unscrewing the handle and shouting: "I'm going to knock your head off."   (Exhibit 3 of Motion for Summary Judgment.)  The battery on McCallister's radio had gone dead, so he went to cell 7 to use the intercom to summons the tower for assistance.

As this was transpiring on the floor, the tower officer, Officer McKinley, seeing what was about to transpire, rushed over to get his radio to summons officer assistance.  (Exhibit 4 of Motion for Summary Judgment.)   Both Inmates Jeffers and Gwynn exchanged verbal insults[.] Plaintiff, rather than remaining in his room, stormed past Officer McCallister, and raced down the stairs to confront Inmate Gwynn on the day room floor.  (Exhibit 3 of Motion for Summary Judgment.)  As Inmate Jeffers moved down the stairs, Inmate Gwynn threw the broom handle at the attacking Jeffers and the two

started to fight.  (Exhibits 3, 4 and 6 of Motion for Summary Judgment.)

Officer McCallister, unaware that the Tower officer had summonsed help, continued to attempt to gather officer assistance by hitting the intercom button in Cell 7.  (Exhibit 3 of Motion for Summary Judgment.)  Within minuets [sic; minutes] [h]elp arrived.  Officer Berry entered the section first and grabbed Inmate Jeffers. Officer McCallister then grabbed Inmate Gwynn, who was violently resisting the officers.  The inmate was held in a vascular neck restraint and pinned to the ground until he could be placed in mechanical restraints.  (Exhibits 3, 4 and 6 to Motion for Summary Judgment.)  Inmate Jeffers then complied with verbal commands and backed away from the fight.  (Exhibits 3 and 4 of Motion for Summary Judgment.)

Inmate Jeffers was escorted to medical for an evaluation.  He had a knot on the right side of his head. X-rays were ordered and the inmate was medically cleared. Inmate Jeffers has made no medical requests or complaints during his stay in the Jail system concerning injury arising from the inmate on inmate fight.  (Exhibit 6 of Motion for Summary Judgment.)

(# 39 at 3-5).

## ANALYSIS

### A.  Plaintiff has failed to show a constitutional violation.

The standard for determining whether the use of force against a pretrial detainee violates a constitutional right has been established since Bell v. Wolfish, 441 U.S. 520, 535 (1979), in which the Supreme Court held that "the proper inquiry is whether those conditions [of confinement] amount to punishment of the detainee."  Conditions of confinement of state pre-trial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment.  441 U.S. at 535 n.16.  However, the analysis of such claims under the Fourteenth

Amendment shares much in common with the Eighth Amendment approach. The defendants assert that an Eighth Amendment analysis also applies to cases involving inmate on inmate assaults. Thus, as further noted by the defendants, the plaintiff must demonstrate that a prison official was deliberately indifferent to a known risk of serious harm.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994). (# 39 at 5-6).

In Farmer, the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard.  The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" Id., at 833.

Moreover, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." Id., at 834. (Citations omitted.)  The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found
> liable under the Eighth Amendment for denying an inmate
> humane conditions of confinement unless the official

knows of and disregards an excessive risk to inmate
health or safety; the official must both be aware of
facts from which the inference could be drawn that a
substantial risk of serious harm exists, and he must also
draw the inference.

Id., at 837.

The defendants' Memorandum of Law further states:

The deliberate indifference standard is an "actual
knowledge standard" rather than a "knew or should have
known standard." Rich v. Bruce, 129 F.3d 336 (4th Cir.
1997). Thus, to state a claim the inmate must allege
that the Defendant had actual knowledge that the attack
was eminent [sic; imminent], the official appreciated
that risk and knowingly elected to place the inmate into
harm[']s way. Id.

(# 39 at 5-6). The defendants assert that no representative of the

West Virginia Regional Jail and Correctional Facility Authority had

actual knowledge that the altercation between Plaintiff and Inmate

Gwynn was imminent. The defendants further assert that no

objectively reasonable correctional officer would have realized

that an assault was likely to occur. (Id. at 6). The defendants

further assert that, after being told to go back into his cell,

Plaintiff chose to go down the stairs and confront Inmate Gwynn,

thus placing himself in danger. (Id.) Their Memorandum of Law

further states:

There can be little doubt that when Inmate Gwynn forced
his way out of his cell, a volatile situation was
transpiring. Inmate Jeffers disobeyed Officer
McCallister's orders and exited his cell to engage Gwynn.
Officer McCallister, following common wisdom and
training[,] attempted to summons officer assistance by
the most direct means possible, the intercom in Cell 7.
(Exhibits 3, 4 and 6 of Motion for Summary Judgment.) No
reasonable jury could find that the named defendants
acted with deliberate indifference to inmate Jeffers'

9

safety.

> Plaintiff has failed to establish that any of the named defendants were deliberately indifferent to any serious known risk of harm. Plaintiff has failed to establish that any such risk could reasonably be known. Plaintiff has failed to establish that any of the named defendants "actually knew" that a risk of harm existed. Plaintiff has failed to allege facts necessary to state a claim of violation of the Eighth Amendment to the United States Constitution. <u>Farmer</u>, 511 U.S. 825 (1994); <u>Rich</u>, 129 F.3d 336 (4th Cir. 1997).

(<u>Id.</u> at 6-7).

Plaintiff has not rebutted any of the defendants' evidence. Therefore, upon review of the undisputed facts, without judging the credibility of the witnesses, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has not demonstrated that the named defendants actually knew of, and were deliberately indifferent to, a serious risk of harm to Plaintiff on March 14, 2007, or that the altercation that occurred between Plaintiff and Inmate Gwynn was permitted by the defendants in order to punish Plaintiff.

Therefore, the undersigned further proposes that the presiding District Judge **FIND** that Plaintiff has failed to establish a violation of his constitutional rights under either the Eighth or Fourteenth Amendments. Thus, the undersigned further proposes that the presiding District Judge **FIND** that there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law on Plaintiff's claims in his Complaint.

10

**B.   Defendants' alternative arguments.**

In their Memorandum of Law, the defendants further assert that they are entitled to qualified immunity on Plaintiff's claims against them.  (# 39 at 7-8).  Public officials are not liable for monetary damages if they can show that their conduct did not violate clearly-established statutory or constitutional rights of which a reasonable person would have known.  See Wilson v. Layne, 526 U.S. 603, 609 (1999).  Qualified immunity exists to protect officers in the performance of their duties unless they are "plainly incompetent" or they "knowingly violate the law."  Doe v. Broderick, 225 F.3d 440, 446 (4th Cir. 2000).

In ruling on an issue of qualified immunity, a court must consider this threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001).  If the allegations do not give rise to a constitutional violation, no further inquiry is necessary.  Id.  If, on the other hand, a violation can be shown, then the court must determine whether the right was clearly established in the specific context of the case.  Id.

As discussed above, Plaintiff has failed to demonstrate that the defendants violated any of his federal constitutional rights. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that no further inquiry is necessary, and the defendants are immune from liability on Plaintiff's claims against them.

11

The defendants' Memorandum of Law further asserts that Plaintiff's claims against the defendants in their official capacities are barred under the Eleventh Amendment. The defendants further assert that "Plaintiff has simply named Defendants because of their official positions as state officials and not because of any actual deprivation allegedly undertaken by the named officials. All of the actions alleged in the Complaint were rendered in furtherance of their official duties as state officials." (# 39 at 8).

The undersigned notes that the Complaint states that Plaintiff is suing the defendants in their individual, not their official, capacities, and that the named defendants were the correctional officers on the scene at the time of the altercation. Nevertheless, in light of the prior proposed findings that the defendants are entitled to summary judgment on Plaintiff's claims, the undersigned finds it unnecessary to further address this argument.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motion for Summary Judgment (# 38) and dismiss this case from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the

Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

January 9, 2009
Date

Mary E. Stanley
United States Magistrate Judge

13